UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YOLANDA HAYES MCPHERSON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2433 |
| OCHSNER HEALTH SYSTEM SKILLED NURSING FACILITY WEST CAMPUS, ET AL. | *  * | SECTION "T" (2) |

# REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to Local Rule 73.2(C).

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendants Austin Reeder, Beth Himes, William Wright and Danielle Yenugenti (collectively, the "Individual Defendants). ECF No. 5. The Individual Defendants are some of the individuals named as defendants in paragraph II of Plaintiff's Complaint, all of whom are omitted from the caption. ECF No. 1-1. The motion was scheduled for submission on August 2, 2023. ECF No. 5-2. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Plaintiff Yolanda Hayes McPherson failed to file an Opposition Memorandum in response to the motion by the applicable deadlines set forth by Local Rule 7.5 (*e.g.,* July 25, 2023). The motion to dismiss is not only unopposed, but for the most part has merit. Accordingly, considering the record, the submission and arguments of counsel, and the applicable law, IT IS RECOMMENDED that the Defendants' motion be GRANTED; however, IT IS FURTHER RECOMMENDED that Plaintiff be allowed 21 days within which to file an Amended Complaint with regard to the asserted claim of race discrimination for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff, a 54-year old African American, is proceeding *pro se* in this employment discrimination proceeding. ECF No. 1-1 ¶ XVII. According to the state court petition removed to this court, Plaintiff worked as an RN-Supervisor Operations Coordinator at Ochsner's Skilled Nursing Facility-West Campus from November 16, 2020 through January 9, 2023. *Id.* 1-1 ¶ III. Plaintiff contends that she was treated differently, unfairly disciplined, and not promoted based on her age and race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. *Id.* ¶¶ IV-XVII, XX. She also contends that she was terminated in retaliation for filing an EEOC charge. *Id.* ¶¶ XVII, XX.

The Individual Defendants have moved to dismiss Plaintiff's claims of age and race discrimination and retaliation on the basis that they are improper defendants under both Title VII and the ADEA. ECF No. 5-1 at 1, 6-9. Movants also suggest, but do not argue, that the claims against them are improper for failure to exhaust administrative remedies. *Id.* at 4.

II.   **LAW AND ANALYSIS**

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1] Moreover, when the unopposed motion is a motion to dismiss with prejudice, the court should not grant the motion solely because it is unopposed, without considering the merits of the arguments or less severe options.[2]

Racial discrimination in employment is prohibited by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Race discrimination claims under both statutes

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating dismissal because the court should have considered sanction other than dismissal with prejudice for failure to observe a filing deadline).

are subject to the same substantive legal standards and differ only in their statutes of limitations and administrative exhaustion requirements.[3] Age discrimination in employment is prohibited by the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[4] Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[5] When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[6]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[7] Thus, it is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[8] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[9]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit

---

[3] *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citations omitted); *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014); *Mendoza v. Helicopter*, 548 F. App'x 127, 128 (5th Cir. 2013).
[4] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020) (citation omitted).
[5] *Id.*
[6] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).
[7] *Twombly*, 550 U.S. at 555 (citation omitted).
[8] *Id.* at 557–58; *Iqbal*, 556 U.S. at 678.
[9] *Iqbal*, 556 U.S. at 678 (citation omitted).

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[10]

"The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]  The complaint must include enough factual matter to raise a right to relief above the speculative level[12] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[13]

Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[14]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[15]  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[16]

### B. Dismissal of Plaintiff's Race Discrimination Claim

The purpose of Title VII is to protect employees from their employer's unlawful actions.[17] A Title VII employer is defined as "a person engaged in an industry affecting commerce who has

---

[10] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[11] *Iqbal*, 556 U.S. at 678 (citations omitted).
[12] *Twombly*, 550 U.S. at 555.
[13] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).
[14] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[15] *Iqbal*, 556 U.S. at 678 (quoting FED. R. CIV. P. 8(a)(2)).
[16] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations and citation omitted).
[17] *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011).

fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Two steps are required to determine whether a defendant is an employer: (1) the defendant must fall within the statutory definition and (2) there must be an employment relationship between the plaintiff and the defendant.[18]

As Title VII only protects "the interests of those in employment relationships," so a plaintiff cannot state a Title VII claim against a non-employer.[19] Thus, although Title VII's statutory definition of employer includes "any agent" of an employer, the Fifth Circuit has held that this language does not impose individual liability on agents.[20] Rather, in *Grant v. Lone Star Co.*,[21] the Fifth Circuit has held that Congress's purpose in extending the definition of employer to include agents was simply to incorporate *respondeat superior* liability into Title VII such that a Title VII suit against an employee is actually a suit against the corporation.[22]

Indeed, the Fifth Circuit has repeatedly held that individuals simply cannot be held liable under Title VII in either their individual or official capacities.[23] For that reason, Plaintiff's Title VII discrimination claims against the movants must be dismissed.

A separate basis of relief for race discrimination in employment, however, is found in 42 U.S.C. § 1981. Whereas Title VII prohibits discrimination by "employers," § 1981 proscribes

---

[18] *Deal v. State Farm Cnty. Mut. Ins. Co.,* 5 F.3d 117, 118 n. 2 (5th Cir. 1993) (citations omitted).
[19] *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020) (citation omitted), *cert. denied*, 141 S. Ct. 1382 (2021); *see also Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n. 8 (5th Cir. 2003) (stating "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee") (citing 42 U.S.C. § 2000e(b)'s definition of employer).
[20] *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999) (internal citations omitted).
[21] 21 F.3d 649, 653 (5th Cir. 1994).
[22] *See also Indest*, 164 F.3d at 262 (citations omitted).
[23] *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (citation omitted).

conduct by persons in general.[24]  To establish a § 1981 claim, a plaintiff must show that (1) she is a member of a racial minority; (2) her employer had an intent to discriminate on the basis of race; and (3) the discrimination concerned the making and enforcing of a contract.[25]  The Fifth Circuit has recognized that, in some circumstances, a right of recovery against individual employees exists under § 1981,[26] such as when an individual is personally involved in discrimination.[27]

### C. The ADEA Applies to Employers

Similar to Title VII, the ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  Under the ADEA, the term "employer" means a person "engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . . " 29 U.S.C. § 623(a).

In *Stults v. Conoco, Inc.*,[28] the Fifth Circuit found that the statutory scheme of Title VII at issue in *Grant* is virtually identical to the statutory scheme of the ADEA.  Both acts limit liability to employers with more than a minimum number of employees, and both define "employer" to include agents of the employer.  It thus found the reasoning in *Grant* applies with equal force to

---

[24] *King v. Board of Trustees of State Instits. of Higher Learning*, No. 11-403, 2014 WL 1276477, at *13 (S.D. Miss. Mar. 27, 2014).
[25] *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994) (citation omitted).
[26] *Foley,* 355 F.3d at 337–38.
[27] *See Jackson v. Bayou Industries, Inc.*, No. 94-946, 1995 WL 317301, at *2 (E.D. La. May 24, 1995) (Vance, J.) (noting jury instruction recognized § 1981 allows suits against individuals personally involved in discrimination) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994); *Allen v. City of Yonkers*, 803 F. Supp 679 (S.D.N.Y. 1992) (holding that individuals may be held liable for violations of 42 U.S.C. § 1981, rather than just employers as is the case under Title VII)).
[28] 76 F.3d 651, 655 (5th Cir. 1996).

ADEA to hold that the ADEA provides no basis for individual liability for supervisory employees.[29]

The Fifth Circuit has reaffirmed this holding in subsequent cases.[30] Accordingly, Individual Defendants cannot be liable under the ADEA, and their request for dismissal on these grounds is granted. Further, § 1981 prohibits only race discrimination, not age discrimination.[31]

### D. Availability of Amendment

"The court should freely give leave [to amend a pleading] when justice so requires."[32] Generally, the court should allow plaintiff an opportunity to amend before dismissing an action for failure to state a claim under Rule 12(b)(6).[33] As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[34]

Thus, unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure

---

[29] *Stults*, 76 F.3d at 655; *see also Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 247 (5th Cir. 2017) (stating that the ADEA "'provides no basis for individual liability for supervisory employees.'") (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults,* 76 F.3d at 655 (5th Cir. 1996)).
[30] *See, e.g., Smith v. Amedisys Inc*., 298 F.3d 434, 448 (5th Cir. 2002) (citation omitted).
[31] *Evans v. City of Houston*, 246 F.3d 344, 356 n.9 (5th Cir. 2001).
[32] FED. R. CIV. P. 15(a)(2); *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . .leave to amend a pleading").
[33] *See, e.g., Hart v. Bayer Corp*., 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citation omitted).
[34] *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989) (emphasis added), *superseded by statute on other grounds as stated in Irizarry v. Sec'y, Fla. Dep't. of Corr.,* No. 21-10591, 2021 WL 3231163 (11th Cir. July 22, 2021).

pleading deficiencies before dismissing.[35] When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[36]

Plaintiff has not previously amended her complaint, and the Court finds no evidence of undue delay, bad faith, or dilatory motive. Nor is it clear that amendment to assert a race discrimination claim under § 1981 rather than only Title VII would be futile. The court should grant Plaintiff leave to file an amended complaint within 21 days, if she chooses to do so, to set forth any facts that she has to sufficiently allege a claim for race discrimination under § 1981 as to the Individual Defendants.[37] Failure to file an Amended Complaint that properly sets forth the necessary facts to support each required element of a § 1981 race discrimination claim within that time should result in dismissal of her claims against movants.

## III.   CONCLUSION

Plaintiff's Title VII and ADEA claims against the Individual Defendants must be dismissed. Given that any amendment with regard to these claims would be futile, dismissal should be with prejudice. As to the race claim, however, Plaintiff should be granted 21 days within which to amend and attempt to set forth sufficient factual allegations necessary to state a race discrimination claim under § 1981. Failure to do so within 21 days should result in the dismissal with prejudice of all race claims against the Individual Defendants.

Accordingly, for the foregoing reasons,

---

[35] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *see also Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.") (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted).
[36] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).
[37] *See Carroll v. Fort James Corp*., 470 F.3d 1171, 1175 (5th Cir. 2006). Plaintiff is reminded of Federal Rule 8(a)(2)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Conclusory allegations or lengthy factual assertions that do not provide any basis for relief are counterproductive.

IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 5) be GRANTED, but with leave to file an amended complaint as to race discrimination under § 1981 within twenty-one days.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[38]

New Orleans, Louisiana, this __3rd__ day of August, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[38] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).