UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YOLANDA HAYES MCPHERSON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2433 |
| OCHSNER HEALTH SYSTEM SKILLED NURSING FACILITY WEST CAMPUS, ET AL. | *  * | SECTION "O" (2) |

## REPORT AND RECOMMENDATION

This case was removed to this Court on July 10, 2023. ECF No. 1. Despite prior show cause orders and extensions, Plaintiff failed to serve all of the named defendants, specifically Lindsey Killion, Caroline Hunt, Miki Keller, Cynthia Peterson, and Ochsner Clinic Foundation (improperly named as Ochsner Health System) ECF Nos. 14, 22, 25, 32. On December 20, 2023, this Court granted Plaintiff a final extension of time to serve the unserved defendants, Lindsey Killion, Caroline Hunt, Miki Keller, Cynthia Peterson, and Ochsner Clinic Foundation.[1] This Order specifically required that Plaintiff effect service by January 17, 2024 and file the return of service in the court record. ECF No. 32. As of this date, no returns of service have been filed into the court record.

Under Rule 4(m), when a plaintiff fails to serve a defendant within the 120–day period, the district court has two choices: It may either "dismiss the action without prejudice ... or direct that service be effected within a specified time." FED. R. CIV. P. 4(m).[2] This Court has ordered that service be made on multiple occasions, granting the *pro se* Plaintiff three extensions over the course of several months. *See* ECF Nos. 14, 22, and 32. A *pro se* litigant is not exempt from

---

[1] Although counsel for Ochsner Clinic Foundation agreed to execute a Rule 4(d) waiver of service on behalf of Ochsner Clinic Foundation, Plaintiff has likewise failed to file a notice of waiver of service in the record. *See* ECF No. 25.
[2] *See Lambert v. U.S.,* 44 F.3d 296, 299 (5th Cir. 1995); *Redding v. Essex Crane Rental Corp.*, 752 F.2d 1077 (5th Cir. 1985).

1

compliance with relevant rules of procedural and substantive law.[3]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]  Moreover, Plaintiff's failure to effect service has delayed the progression of this case and the court's ability to efficiently manage the case.  This delay is caused by and attributable to McPherson herself, justifying dismissal.[5]

Given Plaintiff's failure to serve the unserved defendants despite prior extensions, the undersigned **RECOMMENDED** that Plaintiff's claims against Defendants Lindsey Killion, Caroline Hunt, Miki Keller, Cynthia Peterson, and Ochsner Clinic Foundation (improperly named as Ochsner Health System) be **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b).

In a final effort to provide Plaintiff with an opportunity to show cause why her claims against the unserved defendants should not be dismissed, I am issuing this Report and Recommendation to the presiding United States District Judge.  Plaintiff is advised that she may object to this Report and Recommendation within fourteen (14) days from the date of service of this report.  It is suggested that any objection should contain a short summary of the reasons why she has failed to comply with the court's previous orders to serve the unserved defendants and file returns evidencing same into the court record.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

---

[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sher.'s Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[6]

New Orleans, Louisiana, this 19th day of January, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

