**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YOLANDA HAYES MCPHERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2433** |
| **OCHSNER HEALTH SYSTEM**<br>**SKILLED NURSING FACILITY WEST**<br>**CAMPUS, ET AL.** | **SECTION "O"** |

## ORDER

Before the Court is Magistrate Judge Currault's Report and Recommendation
(the "Report")[1] recommending that Plaintiff's claims against Defendants Lindsey
Killion, Caroline Hunt, Miki Keller, Cynthia Peterson, and Ochsner Clinic
Foundation ("Ochsner")[2] be dismissed without prejudice pursuant to Federal Rule of
Civil Procedure 4(m) and Federal Rule of Civil Procedure 41(b). Also pending is
Plaintiff's Motion to Inform the Court of the Unserving of the Defendants, which
requests assistance from the Court in effectuating service.[3] For the reasons discussed
below, the Court adopts the Report insofar as it recommends the dismissal without
prejudice of claims against Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia
Peterson. The Court also denies Plaintiff's motion for additional assistance in serving
Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia Peterson. But the Court

---

[1] ECF No. 34.
[2] Ochsner Clinic Foundation is improperly named Ochsner Health System and Ochsner
Health System Skilled Nursing Facility West Campus in various pleadings.
[3] ECF No. 48.

finds Plaintiff has satisfied service as to Ochsner when it filed Ochsner's waiver of service into the record on January 24, 2024.[4]

## I.     Background

This case was removed to the Court on July 10, 2023.[5] Plaintiff initially failed to serve Defendants Lindsey Killion, Caroline Hunt, Miki Keller, Cynthia Peterson, and Ochsner within the 90-day period after notice of removal pursuant to Federal Rule of Civil Procedure 4(m).[6] U.S. Magistrate Judge Currault gave Plaintiff a service extension from October 8, 2023 until November 16, 2023.[7] Plaintiff failed to meet this extended deadline. Judge Currault then granted Plaintiff a second service extension until December 18, 2023.[8]

On December 13, 2023, Judge Currault held a preliminary conference with the parties.[9] During the conference, defense counsel agreed to execute a waiver of service on behalf of Ochsner, but not on behalf of the other defendants.[10] Judge Currault "instructed Plaintiff to either effect proper service . . . or obtain a waiver of service for the remaining Defendants."[11]

Plaintiff failed to meet the December 18, 2023 deadline. Judge Currault nonetheless granted Plaintiff a third service extension until January 17, 2024.[12]

---

[4] ECF No. 35.
[5] ECF No. 1.
[6] ECF No. 14.
[7] *Id.*
[8] ECF No. 22.
[9] ECF No. 25.
[10] *Id.* at 2.
[11] *Id.* at 1.
[12] ECF No. 32.

Judge Currault also granted Plaintiff's motion to proceed *in forma pauperis*.[13] That designation allowed Plaintiff to receive assistance from the U.S. Marshals Service in effectuating service. FED. R. CIV. P. 4(c)(3).

Plaintiff failed to meet the January 17, 2024 deadline. On January 19, 2024, Judge Currault issued the Report recommending the dismissal of claims against Defendants Lindsey Killion, Caroline Hunt, Miki Keller, Cynthia Peterson, and Ochsner without prejudice.[14] The court noted that "[a] pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance."[15] The court found that Plaintiff's failure to effectuate service caused delay in the progress of the case and justified dismissal.[16]

On January 24, 2024, Plaintiff filed Ochsner's waiver of service into the record.[17] The waiver was dated December 15, 2023.[18] Also on January 24, 2024, Plaintiff filed a motion for additional time to serve Defendants Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia Peterson.[19] This Court granted that motion, a fourth extension, giving Plaintiff until February 19, 2024 to effectuate service.[20]

---

[13] ECF No. 29.
[14] ECF No. 34.
[15] *Id.* at 2.
[16] *Id.*
[17] ECF No. 35.
[18] *Id.*
[19] ECF No. 36.
[20] ECF No. 39.

On February 9, 2024, the U.S. Marshals Service returned unexecuted summonses for Defendants Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia Peterson.[21] These defendants remain unserved.

## II.   Analysis

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). "When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Here, Plaintiff has not met her burden to show good cause for failing to effect timely service on Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia Peterson. This matter was removed to federal court on July 10, 2023, meaning Plaintiff has had

---

[21] ECF. Nos. 43–46.

more than eight months—over which, she received four extensions—to effect service upon these named defendants. To date, she has not done so.

In her Objection to Judge Currault's Report, Plaintiff suggests that the delay in service was due to her confusion over the process.[22] But confusion and ignorance are no excuse. The excusable neglect standard is a strict one requiring more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Of course, Plaintiff hasn't been entirely on her own. She had the assistance of the U.S. Marshals Service, through *in forma pauperis* designation, to assist in serving process. Plaintiff contacted the U.S. Marshals on December 20, 2023 to initiate service.[23] On February 9, 2024, the U.S. Marshals Service returned unexecuted summonses on Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia Peterson.[24] In the annotations to these summonses, the U.S. Marshals explained that they attempted service at the address Plaintiff provided, but summonses were not accepted at that address.[25]

Although plaintiffs proceeding *in forma pauperis* may "rely on service by the U.S. Marshals," plaintiffs should "attempt to remedy any apparent service defects of which [they have] knowledge." *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir.

---

[22] ECF No. 37 at 3.
[23] *Id.* at 2.
[24] ECF Nos. 43–46.
[25] *Id.*

1987). In this case, Plaintiff has been aware of these service defects since February 9, 2024.[26] Yet, she has not attempted to remedy them, despite her (and only her) obligation to do so. To be sure, Rule 4(c)(3) does not "require the Marshals Service to become Plaintiff's personal investigator to track down any named Defendant." *Warner v. Vill. of Ruidoso*, No. CV 12-627 MCA/GBW, 2016 WL 10721483, at *3 (D.N.M. Feb. 1, 2016). "[T]he Marshals Service is obligated to *deliver* process to a defendant, but not solely responsible for the distinct act of *locating* defendants for *in forma pauperis* plaintiffs." *Id.* (emphasis in original). Ultimately, Plaintiff "remain[s] primarily responsible for ensuring that the defendants sought are served process." *Id.*

Despite assistance from the U.S. Marshals Service, Plaintiff has requested additional assistance from the Court in the form of a Motion to Inform the Court of the Unserving of the Defendants.[27] In this motion, Plaintiff does not specify what assistance she requires, does not justify her failure to effect service to this point, and furthermore gives the Court no reason to believe that additional assistance—to the extent such assistance were available and appropriate—would yield different results. This motion is therefore denied.

With respect to the service of Ochsner, as previously noted, Plaintiff filed Ochsner's waiver of service into the record on January 24, 2024, before this Court's

---

[26] ECF Nos. 42–47.
[27] ECF No. 48.

deadline of February 19, 2024.[28] For that reason, the Court finds Plaintiff has satisfied service as to Ochsner.[29]

## III.    Conclusion

Having considered the parties' arguments, the relevant record, and the applicable law, the Court approves the Report[30] and adopts its opinion as it relates to Defendants Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia Peterson. Accordingly,

**IT IS ORDERED** that Plaintiff's Objection[31] to the Report is overruled, and Plaintiff's claims against Defendants Lindsey Killion, Caroline Hunt, Miki Keller, and Cynthia Peterson are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m) and Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Inform the Court of the Unserving of the Defendants,[32] which requests the Court's further assistance in serving the unserved Defendants, is **DENIED**.

---

[28] ECF Nos. 35, 39.
[29] To the extent the instant Order disagrees with the Report, it's only because this Court granted Plaintiff another extension of time to effectuate service, ECF No. 39, after the Report had already been issued on January 19, 2024. ECF No. 34.
[30] ECF No. 34.
[31] ECF No. 37.
[32] ECF No. 48.

**IT IS FURTHER ORDERED** that Plaintiff satisfied service as to Ochsner when it filed Ochsner's waiver of service[33] into the record on January 24, 2024.

New Orleans, Louisiana, this 20th day of March, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[33] ECF No. 35.