UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YOLANDA HAYES MCPHERSON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2433 |
| OCHSNER HEALTH SYSTEM SKILLED NURSING FACILITY WEST CAMPUS, ET AL. | * | SECTION "O" (2) |

## ORDER AND REASONS

Before me is Plaintiff Yolanda Hayes McPherson's renewed Motion to Appoint Counsel. ECF No. 51. Plaintiff seeks appointment of counsel in this case alleging race and age discrimination as well as retaliation for which she has been granted *in forma pauperis* status. ECF Nos. 1-1, 11, 29. Plaintiff asserts that she cannot afford counsel, has been unable to obtain counsel, the case is complex, and the outcome has significant consequences for her personal and financial well-being. ECF No. 51.

### I.  BACKGROUND

Plaintiff filed suit alleging that she was treated differently, unfairly disciplined, and not promoted based on her age and race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. ECF No. 1-1. ¶¶ IV-XVII, XX. She also contends that she was terminated in retaliation for filing an EEOC charge. *Id.* ¶¶ XVII, XX.

### II.  APPLICABLE LAW

Title VII provides for the appointment of an attorney upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). Courts consider: (1) the merits of the claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and (3) plaintiff's

1

financial ability to retain counsel.[1] The evaluation of the merits of the claim is most important, considering the unfairness of imposing service upon a member of the bar particularly when there is little chance of success,[2] though no one factor is conclusive. Determinations by the EEOC are "highly probative" of the merits of a plaintiff's case and properly considered when assessing a request to appoint counsel.[3] These factors are suggestive, not exclusive.[4]

Appointment of counsel is also available under the *in forma pauperis* statute. 28 U.S.C. § 1915(e)(1). This statute requires "exceptional circumstances" considering (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case;[5] (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[6] Section 1915(e)(1)'s "exceptional circumstances" standard does not apply to Title VII cases that are not filed in forma pauperis.

The appointment of counsel in a civil case is a privilege, not a constitutional right.[7] Thus, while these statutes authorize appointment of counsel, a litigant generally has no ***right*** to a court-appointed attorney in a civil case.[8] The decision whether to appoint counsel rests within the sound discretion of the trial court,[9] and the court may not appoint counsel as a matter of course or ordinary

---

[1] *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)).
[2] *Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006).
[3] *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (citing *Gonzalez*, 907 F.2d at 580).
[4] *White v. United States Pipe & Foundry Co.*, 646 F.2d. 203, 205 (5th Cir. 1981) (citation omitted).
[5] *Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412 (5th Cir. 2006) (citing *Buesgens,* 169 F. App'x. at 870–71).
[6] *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001); *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).
[7] *Paskauskiene*, 527 F. App'x at 333 (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *see also Ulmer*, 691 F.2d at 212; *Naranjo v. Thompson*, 809 F.3d 793, 801–02 (5th Cir. 2015).
[8] *See FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (constitutional right to counsel does not apply to civil *pro se* litigants); *Gonzalez*, 907 F.2d at 579 (no automatic right to appointment of counsel in Title VII case) (citing *Caston*, 556 F.2d at 1309).
[9] *Gonzales*, 907 F.2d at 579 (citing *Caston*, 556 F.2d at 1308).

practice.[10]  The court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . . , shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."[11]  *See also* April 22, 2014 Resolution of the En Banc Court of the Eastern District of Louisiana concerning appointment of counsel from this Court's Civil Pro Bono Panel (permanently adopted on Oct. 5, 2016).  While a demonstrably indigent plaintiff is not entitled to appointed counsel as a matter of right,[12] when the court finds that "exceptional circumstances" exist, it abuses its discretion by declining to appoint counsel.[13]

### III. ANALYSIS

This Court previously granted Plaintiff *in forma pauperis* status, and thus, she has sufficiently established the financial inability to retain counsel.  ECF No. 29.

Before counsel may be appointed under Title VII, a claimant must make a reasonably diligent effort to secure counsel without the court's assistance.  A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement.[14]  Plaintiff's previous request for appointment of counsel was denied on January 31, 2024, because she had not provided any information regarding her efforts to obtain counsel.  ECF No. 41.  Plaintiff has now provided a detailed account of her efforts to secure counsel.  ECF No. 51.

Plaintiff appears to assert claims of hostile environment and discrimination based on race and age against her former employer.  ECF No. 1-1.  Plaintiff appears to have presented herself

---

[10] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Becken*, 256 F.3d at 353–54.
[11] *Ulmer*, 691 F.2d at 213.
[12] *Id*. at 212.
[13] *Naranjo v. Thompson*, 809 F.3d 793, 801 (5th Cir. 2015).
[14] *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999); *see also Smith v. Baton Rouge Radiology Grp.*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney").

before the EEOC. The claims do not appear to be particularly complex although Plaintiff has had difficulty understanding how to serve the defendants. *See, e.g.*, ECF Nos. 14, 22, 27, 32, and 34. While litigation is difficult for a non-lawyer, Plaintiff has demonstrated an ability to represent herself, which counsels against appointment.[15] Further, there is no evidence indicating that Plaintiff is not capable of adequately presenting or investigating the case, and whether the evidence will consist of conflicting testimony is undetermined at this stage. Therefore, Plaintiff has not provided sufficient information to enable this Court to exercise its discretion to **compel** unwilling counsel to represent him in this proceeding under *Naranjo*.

However, for the convenience of the Court and considering Plaintiff's *in forma pauperis* status and the substance of her claims, there is a sufficient basis to seek a volunteer attorney from the EDLA's Civil Pro Bono Panel. If, however, no volunteer attorney is available to assist Plaintiff, Plaintiff will be required to file a new Motion to Appoint Compulsory Counsel and present evidence to establish the existence of exceptional circumstances required before the Court may consider the exercise of its inherent power to compel an unwilling attorney to represent Plaintiff.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (ECF No. 51) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as stated herein.

IT IS FURTHER ORDERED that, for the convenience of the court and all parties, the Civil Pro Bono Panel Coordinator shall seek a volunteer attorney from the Civil Pro Bono Counsel Panel of this court to represent Plaintiff in this matter, in accordance with the April 22, 2014 Resolution of the En Banc Court, permanently adopted on October 5, 2016. Should a panel attorney volunteer to serve as counsel to Plaintiff, this Court will then enter an Order appointing that attorney.

---

[15] *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411 (5th Cir. 2006) (upholding district court's consideration of plaintiff's ability to represent himself in denying appointment of counsel).

Plaintiff's request for mandatory appointment of counsel to require an unwilling attorney to represent her pro bono, however, is DENIED WITHOUT PREJUDICE at this time.

New Orleans, Louisiana, this 11th day of April, 2024.

_____<br>
DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY VIA E-MAIL:**
Civil Pro Bono Panel
CivilProBonoProgram@laed.uscourts.gov