UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YOLANDA HAYES MCPHERSON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2433 |
| OCHSNER  HEALTH SYSTEM SKILLED NURSING FACILITY WEST CAMPUS, ET AL. | * | SECTION "O" (2) |

## ORDER AND REASONS

Pursuant to the Order of Referral and consent of the parties, pending before me is a motion to dismiss Plaintiff Yolanda McPherson's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Austin Reeder, Beth Himes, William Wright, and Danielle Yenugenti (the "Individual Defendants"). ECF Nos. 13, 59.  Plaintiff filed an Opposition Memorandum, Defendants filed a Reply Memorandum, and Plaintiff filed a Sur-Reply Memorandum.  ECF Nos. 16, 19, 21.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Individual Defendants' Motion to Dismiss is GRANTED for the reasons stated herein.

## I.   BACKGROUND

McPherson worked as an RN-Supervisor Operations Coordinator at Ochsner's Skilled Nursing Facility-West Campus from November 16, 2020 through January 9, 2023.  ECF No. 11, ¶ 1.  She contends that she was treated differently, unfairly disciplined, and not promoted based on her age and race and retaliated against for filing an EEOC charge, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623.  *Id.* ¶¶ 7, 12, 39-44.  She filed suit against her employer as well as several individuals who also work for the employer.

After the Individual Defendants filed a motion to dismiss, I issued a Report and Recommendation that the motion be granted, but that Plaintiff be granted 21 days within which to amend her complaint to set forth sufficient factual allegations necessary to state a race claim under 42 U.S.C. § 1981. Nos. 5, 8. Judge Guidry adopted the Report and Recommendation, dismissing Plaintiff's Title VII and ADEA claims against the Individual Defendants with prejudice with leave to amend. ECF No. 12. McPherson had already filed an amended complaint before entry of Judge Guidry's order on September 26, 2023. ECF Nos. 11, 12. No other amended complaint was filed.

On April 14, 2024, in response to McPherson's Motion to Appoint Counsel, I granted in part and denied in part the motion, seeking a volunteer attorney from the Civil Pro Bono Panel. ECF No. 51, 52. On June 24, 2024, Kenneth Charles Bordes enrolled as counsel for McPherson. ECF No. 53. The parties have consented to the undersigned's disposition of the pending dispositive Motion to Dismiss. ECF No. 59.

## II.   THE PENDING MOTION

The Individual Defendants (but not the employer Ochsner) have moved to dismiss Plaintiff's claims. Movants argue that Plaintiff fails to allege any facts supporting the inference that any one of the Individual Defendants discriminated against her and, while she conclusorily asserts that she has evidence of same, fails to specify the factual basis to support those claims. ECF No. 13-1 at 3-5. The Individual Defendants argue that Plaintiff does not allege an ADA disability and even if she had, the ADA, Louisiana Employment Discrimination Law ("LEDL") and the Louisiana Whistleblower statute do not impose individual (rather than employer) liability. *Id.* at 6-7. They also argue that Plaintiff fails to allege facts necessary to support a claim for intentional infliction of emotional distress. *Id.* at 7-8.

In Opposition, Plaintiff largely repeats the allegations from her Amended Complaint, asserts her conclusions without setting forth the facts supporting those conclusions, and conflates alleged wrongdoing of the Individual Defendants and those alleged to have been committed by her employer.  ECF No. 16.  And while Plaintiff alleges that she has evidence to support her claim, she fails to allege the facts that will be established by this evidence or otherwise provide factual allegations that state a valid claim.

In Reply, the Individual Defendants argue that Plaintiff not only fails to respond to the arguments raised in their motion, but fails to set forth any facts to support an inference that any one of the Individual Defendants discriminated against her.  ECF No. 19 at 1-2.

Plaintiff filed a Sur-Reply repeating almost verbatim the arguments raised in her Opposition.  ECF No. 21.

## III.   APPLICABLE LAW

### A.   Rule 12(b)(6) Standard

A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). A party may move to dismiss a complaint that fails to meet this requirement. *See* FED. R. CIV. P. 12(b)(6).

"A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[1]  Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[2]  When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[3]

---

[1] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020) (citation omitted).
[2] *Id.*
[3] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[4]  Thus, it is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[5]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[6]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[7]

"The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8]  A claim is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Thus, the complaint must include enough factual matter to raise a right to relief above the speculative level[9] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[10]

---

[4] *Twombly*, 550 U.S. at 555 (citation omitted).
[5] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[6] *Iqbal,* 556 U.S. at 678 (citation omitted).
[7] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (recognizing the complaint establish more than a mere possibility of misconduct).
[8] *Iqbal*, 556 U.S. at 678 (citations omitted).
[9] *Twombly*, 550 U.S. at 555.
[10] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).

Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[11]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not show[n]'—that the pleader is entitled to relief."[12]  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[13]  When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[14]

## IV.   ANALYSIS

McPherson's § 1981 and intentional infliction of emotional distress claims should be dismissed because the amended complaint does not contain sufficient facts to state plausible claims for relief.  Likewise, the ADA, LEDL, and whistleblower claims against the Individual Defendants should be dismissed because individual liability is not available under these claims.

### A.  Section 1981

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, given evidence, and to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To establish a § 1981 claim, McPherson must show that (1) she is a member of

---

[11] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[12] *Iqbal*, 556 U.S. at 678 (quoting FED. R. CIV. P. 8(a)(2)).
[13] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations and citation omitted).
[14] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).  Although McPherson is now represented by counsel, she was *pro se* when she filed both her initial and amended complaints.

a racial minority; (2) her employer had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.[15]

Although McPherson alleges her status as a racial minority and asserts that she has suffered racial discrimination, she fails to sufficiently allege discriminatory intent or any conduct by the Individual Defendants supporting an inference of discrimination. Instead, McPherson conclusorily alleges that she was discriminated based on her race.[16] As evidence of this discrimination, McPherson claims she was not permitted to supervise white subordinate employees or to train white nurses.[17] McPherson states that this was compounded by the actions by Ochsner's white upper management, who "joined in" and "retaliated against [McPherson]."[18] McPherson alleges that she was called a "Mad Black Woman"[19] and that the white leaders who were hired to supervise McPherson attacked her character during her mid-year review.[20] In support of her claims, McPherson alleges that audio recordings exist showing that these supervisors were plotting to get her demoted and fired.[21] McPherson argues that, after voicing her concerns regarding her work environment, she was terminated and that her white supervisors hired another white employee to replace McPherson.[22]

To defeat the Individual Defendants' motion to dismiss, the Court must be able to draw the reasonable inference from McPherson's complaint that the Individual Defendants are each liable for the claims alleged. The Court finds it is unable to make such an inference here. Nowhere in

---

[15] *Sherrod v. United Way Worldwide*, 821 F. App'x 311, 316 (5th Cir. 2020) (internal quotations omitted). McPherson must also allege facts that she was treated less favorably than others outside of her protected class. *See Martin v. Hutson*, No. 23-5113, 2024 WL 3011014, at *3 (E.D. La. June 14, 2024) (quoting *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021)).
[16] ECF No. 11 ¶ 37.
[17] *Id.* ¶ 15.
[18] *Id.*
[19] *Id.* ¶ 17.
[20] *Id.* ¶ 39(b)
[21] *Id.* ¶ 39(b)
[22] *Id.* ¶ 39(d)-(e)

the complaint does McPherson identify Defendants Austin Reeder, Beth Himes, or William Wright by name as the alleged discriminator. In fact, only one of the Individual Defendants, Danielle Yenugenti, is mentioned by name at all in the amended complaint.[23] McPherson claims that Yenugenti stated that she had fired McPherson because "she was making [Yenugenti] look bad."[24] Even accepting that as true, terminating an employee for making a supervisor look bad is not indicative of racially discriminatory intent. Rather, it indicates only that Yenugenti was concerned that McPherson was damaging her reputation at Ochsner.

Although McPherson asserts that she can provide emails, text messages, and voice recordings,[25] she fails to set forth the facts contained in those emails, text messages or voice records that would provide sufficient factual information to make a § 1981 discrimination claim against each of the Individual Defendants plausible. Again, to properly plead a § 1981 claim, McPherson must allege facts sufficient to support an inference of discriminatory intent by each the Individual Defendant. McPherson has failed to do so here.

B. **Intentional Infliction of Emotional Distress**

McPherson similarly fails to successfully plead a claim for intentional infliction of emotional distress. To recover for intentional infliction of emotional distress, McPherson must establish (1) that the conduct of the Individual Defendants was extreme and outrageous; (2) that the emotional distress suffered by McPherson was severe; and (3) that the Individual Defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.[26] As to the first element, "the conduct must

---

[23] *Id.* ¶ 31.
[24] *Id.*
[25] *Id.* ¶ 24.
[26] *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[27]

McPherson offers conclusory statements, including that the discrimination has "inflicted severe emotional distress."[28] Although McPherson discusses that she was referred to as a "Mad Black Woman"[29] and that other white employees plotted to get her fired,[30] she does not point to any specific extreme and outrageous conduct by any of the Individual Defendants.  Indeed, McPherson does not explicitly name the Individual Defendants in her amended complaint, with the one exception of Yenugenti whom she alleges fired her for making Yenugenti look bad.  This falls far short of the required extreme or outrageous conduct. Accordingly, the Court finds that McPherson has failed to state a claim for intentional infliction of emotional distress under Louisiana law.

### C. ADA, LEDL, and Louisiana Whistleblower Law

The Individual Defendants seek dismissal of McPherson's claims under the ADA, LEDL, and Louisiana Whistleblower Law because individual liability is not permitted under these laws.

The ADA provides that that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "covered entity" is an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2).  The ADA then defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C.

---

[27] *Id.*
[28] *Id.* ¶ 6.
[29] *Id.* ¶ 17.
[30] *Id.*

§ 12111(5)(A). The Fifth Circuit has held that the ADA "applies only to public entities, including private employers."[31]  Individual liability is not available under the ADA.[32]

Even if recovery against the Individual Defendants were available, McPherson fails to plead a disability in her amended complaint. To succeed on an ADA discrimination claim, a plaintiff must prove that: (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodations; and (3) she has suffered from an adverse employment action because of her disability.[33]  The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."[34]  McPherson does not set forth any facts necessary to suggest that she suffers from an impairment pursuant to the ADA.

Likewise, McPherson's claims under LEDL and Louisiana whistleblower law fail because the requested relief is not available. The LEDL permits civil suits against an "employer, employment agency, or labor organization." LA. STAT. ANN. § 23:303(A). For an individual to meet the statute's definition of "employer," the individual must: (1) "receiv[e] services from an employee and, in return, giv[e] compensation of any kind to an employee," and (2) "employ[] twenty or more employees within [Louisiana] for each working day in each of twenty or more calendar weeks."[35]  Nothing in McPherson's amended complaint shows that the Individual Defendants meet this narrow definition of "employer." Accordingly, McPherson's LEDL claim

---

[31] *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).
[32] *See Rogers v. Orleans Par. Sheriff Off.*, No. CV 22-5303, 2024 WL 1198425, at *3 (E.D. La. Mar. 20, 2024); *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013).
[33] *Franklin*, 936 F. Supp. 2d at 707 (citing *Kemp*, 610 F.3d at 235).
[34] 42 U.S.C. § 12102(1).
[35] LA. STAT. ANN. § 23:302(2); *see Hilliard v. Par.*, 991 F. Supp. 2d 769, 777 (E.D. La. 2014).

fails. And although the Louisiana whistleblower law does not define "employer," courts apply the LEDL's definition of "employer" to claims raised under that statute.[36]

None of the Individual Defendants can be classified as McPherson's employer under the ADA, LEDL, or Louisiana whistleblower law. Accordingly, McPherson's ADA, LEDL, and Louisiana whistleblower claims must be dismissed with prejudice.

### D.  Amendment

A court should generally allow plaintiff an opportunity to amend before dismissing an action for failure to state a claim under Rule 12(b)(6).[37]  As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[38]

Where, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[39]  Similarly, a court may deny leave to amend where a proposed amendment would be futile.[40]

An amendment is futile if it would not survive a Rule 12(b)(6) motion.[41]  Given the controlling precedent making clear that a plaintiff cannot state a claim against individuals (rather than employers) under the ADA, LEDL, and Whistleblower statute, Plaintiff cannot cure this

---

[36] *See Rogers,* 2024 WL 1198425, at *3 (E.D. La. Mar. 20, 2024).

[37] *See, e.g., Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citation omitted).

[38] *Neitzke v. Williams,* 490 U.S. 319, 329-30 (1989) (emphasis added), *superseded by statute on other grounds as stated in Irizarry v. Sec'y, Fla. Dep't. of Corr.,* No. 21-10591, 2021 WL 3231163 (11th Cir. July 22, 2021).

[39] *Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

[40] *See Marucci Sports, L.L.C. v. NCAA,* 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Mississippi,* 331 F.3d 499, 508 (5th Cir. 2004)); *Rivera-Colon v. Parish of St. Bernard,* 516 F. Supp. 3d 583, 591 (E.D. La. 2021) (citing *United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 270 (5th Cir. 2010)).

[41] *Marucci Sports,* 751 F.3d at 378 (citation omitted); *see also Stripling v. Jordan Prod. Co., L.L.C.,* 234 F.3d 863, 872-73 (5th Cir. 2000) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994)).

problem through amendment as any amendment would be futile.  Further, the party seeking leave

to amend is required to give the court some notice of the nature of the proposed amendments in

order to take advantage of Rule 15's liberal amendment rules.[42]  The failure to specify how an

amendment would cure the fundamental deficiencies in the pleading supports the determination

that amendment would be futile.[43]  McPherson has failed to provide notice of how she would cure

the fundamental deficiencies in pleading her § 1981 or IIED claims.

## V.    **CONCLUSION**

Accordingly,

IT IS ORDERED that the Individual Defendants' Motion to Dismiss (ECF No. 13) is

GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Austin Reeder,

Beth Himes, William Wright, and Danielle Yenugenti are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___9th___ day of August, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[42] *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (citing *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003))).

[43] *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) (citing *Legate v. Livingston*, 822 F.3d 207, 212 (5th Cir. 2016)); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (affirming denial of motion for leave to amend where the request stated simply: "Should this Court find that the Complaint is insufficient in any way, however, plaintiffs respectfully request leave to amend."); *Willard*, 336 F.3d at 387–88 (determining that a bald statement that a "court should not dismiss a plaintiff's complaint under Rule 9(b) unless the plaintiff has already been given the opportunity to amend" is an insufficient request of leave to amend).